# COMMON PLEAS COURT

### No. 985

### SPRANG v. DOENCH

Hamilton Common Pleas

No. 179945

480. EVIDENCE—1. Written reports of receiving physician at municipal hospital admissible as public records.

2. Amount necessary to show that the original documeent is not available, discretionary with court.

HURLEY, J. ·

Andrew Sprang sued Louis Doench, a police officer, in the Hamilton Common Pleas for malicious prosecution, assault and battery and false imprisonment. Sprang claimed that Doench, on Nov. 6, 1921, struck him with a baton in the back of his head. The testimony showed that Sprang was taken to the police station and from there to the Cincinnati General Hospital.

Doench claimed that Sprang was intoxicated at the time of the alleged arrest and sought to have admitted into evidence a record book of the receiving ward of the Hospital. Said record contained a diagnosis of each patient received at the time of his admittance to the Hospital. These diagnosis cards were kept on file and after three years were destroyed. The record book was sought to be introduced as the next best evidence but objection was made to this by Sprang on the following grounds:

(a) That it is incompetent because the physician who made the diagnosis, and clerk who made the book entries, are available as witnesses.

(b) That is a copy of the original document.

(c) That it had not been made sufficiently plain that the original document itself is not available.

(d) That the book itself, if competent, has not been sufficiently identified.

The Court held:

1. The clerk, when placed upon the stand, identified his handwriting in the book and said, to the best of his knowledge, it was a true and accurate copy of the original document.

2. "Copies of deeds made by disinterested persons of good character and under circumstances that create no imputation of fraud, may be received in evidence when the original is lost." Allen v. Parrish, 3 Ohio 107.

3. In 26 OS. 153 at page 161 it is stated: "the court also permitted records of the county containing a record of the deed, to be given in evidence; the original deed being lost; we do nt think the court erred in admitting the evidence."

4. The fact that the physician himself was present, and the clerk was present to testify, makes the identification sufficient as to the competency of the record book. ·

5. It is entirely discretionary with the court as to what amount of evidence is necessary to be submitted to convince the court that the original document is not available.

6. Sufficient evidence had been produced by the filing clerk of the General Hospital to make it apparent that the original document is not available.

7. The testimony of the clerk himself who made the entry on the day of the occurrence, is sufficient identification. ·

8. "A rule requiring a receiving physician to make a written report of each case with his diagnosis, renders such a report a public document of record and therefore admissible as evidence. 21 NP. (n.s.) 25.

Objection as to admissibility of the record in question overruled. .

Attorneys—Galvin and Bauer and J. J. Castellini for Sprang; Williams, Ragland, Dixon, and Murphy, and Carl T. Foley for Doench; all of Cincinnati.